John S. Robinson v. Commissioner.
Robinson v. Commissioner
Docket No. 6149-70 SC.
United States Tax Court
T.C. Memo 1971-78; 1971 Tax Ct. Memo LEXIS 252; 30 T.C.M. (CCH) 324; T.C.M. (RIA) 71078; April 21, 1971, Filed John S. Robinson, pro se, 848 Collins St., Toledo, Ohio, J. Edward Friedland, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1967 in the amount of $264.75. The only issue presented for decision is whether the petitioner is entitled to dependency exemption deductions for his two daughters. Findings of Fact At the time of the filing of the petition herein the petitioner was a resident of Toledo, Ohio. He filed his individual Federal income tax return for the taxable year 1967 with the internal revenue service center at Cincinnati, Ohio. On August 17, 1966, petitioner was divorced from his wife, Vera Miles Robinson, under a divorce decree of the Common Pleas Court of Lucas County, Ohio. Under the terms of the decree, petitioner's former wife was granted custody of their two daughters Kay Lynne Robinson, born December 15, 1954, and Fay Layne Robinson, born October 1, 1956. The decree further provided that the petitioner should have *254 the right of visitation at least once per week. Petitioner was required to pay through the Toledo Humane Society $12.50 per week for the support of his two daughters. He was also required to pay all their major medical and dental expenses. During 1967, the petitioner either through the Toledo Humane Society or directly to his former wife made payments totalling $1,159 for the support of his two daughters, Fay and Kay. He paid medical expenses in the amount of $32.50 and purchased clothing in the amount of $31.92 for them. He also paid premiums totalling $330.20 for hospitalization insurance for himself and his two daughters. One-third of this total amount or $110.07, is attributable to the insurance coverage for each of his two daughters. Petitioner's two daughters occasionally spent weekends with him and he took them on one three-day vacation to Canada and on one two-day vacation to Detroit, Michigan. In this connection, he spent a total of $150 for the support of his two daughters. During 1967, petitioner paid a total of $1,593.56 for the support of his two daughters. During 1967, petitioner's former wife had custody of Fay and Kay and they resided with her during the entire *255 year. Both of petitioner's daughters attended school during 1967 and neither had any income of her own. From January 1, through June 1, 1967, petitioner's former wife and their two daughters resided in an apartment in Toledo, Ohio. The fair rental value of this apartment with its furniture was $90 per month, or a total of $450, of which one-third, or $150, is attributable to each Fay and Kay. During this period, petitioner's former wife spent a total of $142.72 for telephone service, gas and electricity, of which one-third, or $47.57, is attributable to each Fay and Kay. She also spent $220 for food for Kay and $150 for food for Fay. In June 1967, petitioner's former wife married Robert Norwood who also had a daughter from a prior marriage. They then purchased a house for $18,500 where they and the three children resided through the end of the year 1967. The fair rental value of the house with its new furniture was $200 per month, or a total of $1,400, of 325 which one-fifth, or $280, is attributable to each Fay and Kay. During the remainder of the year 1967, they spent a total of $274.49 for telephone service, water, gas, and electricity of which one-fifth, or $54.90, is attributable *256 to each Fay and Kay. They also spent $300 for food for Kay and $320 for food for Fay. During 1967, petitioner's former wife also made the following expenditures for the support of Fay and Kay: Fay
Kay
Medical
$ 25.00
$ 14.00
Personal grooming & hygiene
75.00
100.00
Clothing
250.00
300.00
Entertainment
30.00
35.00
Contributions - Sunday School
52.00
52.00
Toys, gifts, magazines, etc.
100.00
125.00
Music & ballet lessons
72.00
58.00
School supplies
20.50
47.50
The total cost of support furnished to Fay and Kay during 1967 was as follows: Fay
Kay
Lodging
$ 430.00
$ 430.00
Food
470.00
520.00
Utilities
102.47
102.47
Medical & dental
25.00
14.00
Personal grooming & hygiene
75.00
100.00
Clothing
250.00
300.00
Entertainment
30.00
35.00
Contributions - Sunday School
52.00
52.00
Toys, gifts, magazines, etc.
100.00
125.00
Music & ballet lessons
72.00
58.00
School supplies
20.50
47.50
Hospitalization
110.07
110.07
Clothing & medical from petitioner
32.21
32.21
Vacations with petitioner, etc. 75.00
75.00
Total
$1,844.25
$2,001.25 Of the total support of Fay and Kay, over one-half *257 was received from petitioner and his former wife, and she furnished more than the $1,593.56 furnished by the petitioner. She and her new husband filed a joint Federal income tax return for the taxable year 1967 and claimed dependency exemption deductions for Fay and Kay. On such return they reported total income of $12,335.89. His occupation was reported as "Laborer", and hers was reported as "Nurse". In his individual Federal income tax return for the taxable year 1967, the petitioner claimed dependency exemption deductions for his two daughters. In the notice of deficiency the respondent disallowed the deductions stating that they were "disallowed since they were not your dependents as defined in section 152 of the Internal Revenue Code." Opinion Section 152(e)(1) of the Internal Revenue Code of 1954[1] provides a general rule that the children of divorced parents who are in custody of their divorced parents for more than one-half of the calendar year and who receive over one-half of their support during the calendar year from their divorced parents shall be treated for purposes of the definition of a dependent in section 152(a) *258 [2] as having received more than onehalf of their support from the parent having custody the greater portion of the year. Section 152(e)(2)[3] provides two exceptions to this general rule, only the second of which is here relevant. Section 152(e)(2)(B) provides that such children shall be treated 326 as receiving more than one-half their support from the parent not having custody if the parent not having custody provides $1,200 or more for the support of the children and the parent having custody does not clearly establish that he provided more for the support of the children than the parent not having custody. *259 We have found as facts that petitioner and his former wife were divorced during the taxable year 1967; that their two daughters received over one-half their support from their parents during 1967; and that petitioner's former wife had custody of their two daughters during the entire year. We have also found as a fact that petitioner provided more than $1,200 for their support. Pursuant to the terms of section 152(e), petitioner is treated as providing over one-half of his daughters' support unless his former wife clearly establishes that she provided more for their support than he did. We have carefully examined the record and have concluded and have found as a fact that petitioner's former wife has established by a clear preponderance of the evidence that she provided more for the support of their two daughters than did the petitioner. See Allen F. Labay, 55 T.C. 6. Accordingly, we hold that petitioner is not entitled to the dependency exemption deductions claimed for his two daughters. Decision will be entered for the respondent. Footnotes
1. Section 152(e)(1) of the Code provides as follows: (e) Support Test in Case of Child of Divorced Parents, etc - (1) General rule. - If - (A) a child (as defined in section 151(e)(3) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). ↩
2. Section 152(a) of the Code provides in part as follows: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, ↩
3. Section 152(e)(2) of the Code provides as follows: (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩